## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICIA PATRICK, | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION H-08-2629 |
| | § | |
| THE CITY OF HOUSTON, LINDA HUNTER, | § | |
| INDIVIDUALLY AND IN HER OFFFICIAL | § | |
| CAPACITY, LILIANA RAMBO, | § | |
| INDIVIDUALLY AND IN HER OFFICIAL | § | |
| CAPACITY, BRENDA BAZAN, | § | |
| INDIVIDUALLY AND IN HER OFFICIAL | § | |
| CAPACITY, AND DAWN ULRICH, | § | |
| INDIVIDUALLY AND IN HER OFFICIAL | § | |
| CAPACITY, | § | |
| *Defendants.* | | |

## MEMORANDUM AND ORDER

This employment dispute is before the court on the second motion to dismiss filed by

the City of Houston and the individual defendants in their official capacities (Dkt. 15).[1]

Defendants' motion is granted in part and denied in part.[2]

---

[1]    This motion is contained within a pleading titled "Defendants' First Amended Answer
Subject to Their Rule 12 Motion to Dismiss" (Dkt. 15), which was filed in response to
Patrick's first amended complaint (Dkt. 13).  In light of this second motion, defendants'
initial motion to dismiss (Dkt. 8) is denied as moot.

[2]    The parties have consented to the jurisdiction of this magistrate court for all purposes,
including final judgment (Dkt. 21).

**Background**[3]

In January 2006, Patricia Patrick began working for the City of Houston as an administrative associate in the Convention and Entertainment Facilities Department.  In March 2006, Patrick reported to City officials that her supervisor, Linda Hunter, was conducting personal business using City resources.  A few weeks after reporting Hunter's activities, Patrick was assaulted by a fellow employee in the department.  She was subsequently transferred to the Department of Parking Management under the supervision of Derrick Williams.

A few months later, in August 2007, Patrick was the subject of unwanted sexual comments by a fellow employee.  She reported the incident the Williams's superior, Liliana Rambo, who allegedly did not investigate or take prompt action.

In September 2007, Patrick's allegations against Hunter were sustained in large part. In October 2007, allegedly in retaliation for her complaints of misconduct, Patrick was reassigned to work from home and have no contact with other City employees.  She was required to report to Williams or Rambo regularly throughout the day and secure permission for leaving her home during the work day, just as if she were at work.  Apparently, she was thereafter placed on indefinite suspension and then discharged, because these actions were upheld by the Civil Service Commission after a hearing on March 11, 2008.

---

[3]     These allegations are taken from Patrick's amended complaint, and are assumed to be true of purposes of this motion only.

Plaintiff has sued the City, as well as Hunter, Rambo, and two other City employees, Brenda Bazan and Dawn Ulrich, in their individual and official capacities.  Plaintiff asserts causes of action under 42 U.S.C. § 1983 and Title VII for retaliatory discharge, as well as state law tort claims.  Defendants contend that plaintiff has not pled an unconstitutional policy or custom that supports a claim against the City under 42 U.S.C. § 1983, and that the individual defendants cannot be personally liable in their official capacities.[4]

**Analysis**

**A.     Rule 12(b)(6) Legal Standards**

The "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004) (quoting *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir.1999)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007).  *Twombly* makes clear that the oft-cited standard of whether it "appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief," established in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), is not the minimum standard of adequate pleading to govern a complaint's survival. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 n.10 (5th Cir. 2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations

---

[4]     Although defendants' initial motion to dismiss (Dkt. 8) asserted governmental immunity as to plaintiffs' tort claims, that grounds for dismissal is not raised in the current motion.

3

in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S. Ct. at 1965 (quotation marks, citations, and footnote omitted).

**B.      Plaintiff's § 1983 Claim**

Plaintiff alleges that the City has a custom or policy of using disciplinary measures and tactics and administering unscheduled Employee Performance Evaluations to retaliate against employees who exercise their constitutional right of free speech. Plaintiff also asserts that defendants' policy and custom of negligent training, supervision, and retention resulted in the deprivation of her First Amendment rights by the individual defendants. Defendant argues simply that negligent supervision is not a constitutional violation.[5] But plaintiff clearly alleges a violation of her First Amendment right to free speech; negligent supervision is not the alleged constitutional violation, but the policy or custom that resulted in a constitutional violation. Plaintiff's allegations may be "doubtful in fact," but they are sufficient to state a claim that is "plausible on its face." The City's motion to dismiss plaintiff's § 1983 claim against it is denied.

**C.      Plaintiff's Claims Against Individuals in Their Official Capacities**

Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). "As long as the government entity receives notice and an opportunity to respond, an official-

---

[5]      Defendant's motion (Dkt. 15), at 3.

4

capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. Patrick has sued the City of Houston itself for damages. Patrick does not seek any injunctive relief for which an individual defendant might be responsible while acting in her official capacity. *See Graham,* 473 U.S. at 167, n. 14 (citing *Ex parte Young,* 209 U.S. 123, 159-160 (1908)). Therefore, Patrick's official capacity claims are superfluous, and defendants' motion to dismiss claims against Hunter, Rambo, Bazan, and Ulrich in their official capacities is granted.

Plaintiff's claims against the individual defendants in their individual capacity remain pending at this time. However, defendants contend that the individual defendants have not been properly served.[6] Therefore, it is further ordered that Plaintiff shall have until February 5, 2009 to serve the individual defendants, or if plaintiff contends that proper individual service has been effected,[7] to respond to defendants' assertion to the contrary or move for default judgment, if appropriate.

## Conclusion

Defendants' motion to dismiss (Dkt. 15) is granted in part and denied in part. Plaintiff's claims against the individual defendants in their official capacities are dismissed.

---

[6]     Defendants' motion, n.1.

[7]     The docket reflects that copies of the summons and complaint for each individual defendant were with Kimberly Young-Payne at the place of business at 900 Bagby, Houston, Texas 77002 on September 29, 2008.

Plaintiff shall properly serve individual defendants or take other appropriate action as set forth above on or before February 5, 2009.

Signed at Houston, Texas on January 6, 2009.

Stephen Wm Smith
United States Magistrate Judge